UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JONESE JACKSON, KELVIN CHAPLIN,
and VENTRICE BROWN,

    Plaintiffs,

v.                                            CASE NO: 8:10-cv-1483-T-26TBM

CHECKERS DRIVE-IN RESTAURANTS, INC.,

    Defendant.
_____/

**O R D E R**

Upon due and careful consideration of Defendant's latest submissions, it is ordered and adjudged that the Motions in Limine filed at dockets 41, 42, 43, and 44 are denied for the following reasons.[1]

With regard to the motions filed at dockets 41 and 42, Defendant in reality seeks relief equivalent to the entry of partial summary judgment against Plaintiffs relative to some of their claims for damages. However, the time for filing dispositive motions expired on June 27, 2011, pursuant to this Court's Case Management and Scheduling Order (the CMSO) entered September 8, 2010, at docket 12. Additionally, pursuant to paragraph 6(a) of the CMSO, a party must present its claims or defenses in a single

---

[1] In light of this disposition of the motions, the Court need no response from Plaintiffs.

motion for summary judgment because multiple motions for summary judgment are not permitted.

With respect to the motions filed at dockets 43 and 44, seeking to exclude certain categories of evidence, such "[m]otions in limine are disfavored; admissibility questions should ordinarily be ruled on as they arise at trial." In re Mirabilis Ventures, Inc., 2011 WL 3236027, *5 (M.D. Fla. July 28, 2011) (citing Stewart v. Hooters of America, Inc., 2007 WL 1752843 (M.D. Fla 2007)).  "Accordingly, if evidence is not *clearly* inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." In re Mirabilis Ventures, Inc., 2011 WL 3236027, *5 (citing Stewart) (emphasis added).  Furthermore, "[d]enial of a motion *in limine* does not insure that the evidence contemplated by the motion will be admitted at trial.  Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." In re Mirabilis Ventures, Inc., 2011 WL 3236027, *5 (citing United States v. Connelly, 874 F.2d 812, 820 (7th Cir. 1989)).

In this case, the Court is wholly unable to make a pretrial determination of whether the evidence and testimony Defendant seeks to exclude would be *clearly* inadmissible at trial.  Consequently, Plaintiffs will be afforded the opportunity at trial to lay the proper foundation for the admissibility of this evidence and testimony and to

demonstrate its relevancy, subject to the right of Defendant to contest its admissibility within the trial context, either on grounds of relevancy or undue prejudice.

**DONE AND ORDERED** at Tampa, Florida, on August 29, 2011.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record